PER CURIAM:
 

 This is an appeal from an order of the district court which dismissed an appeal
 
 *1386
 
 from the bankruptcy court. We have jurisdiction pursuant to 28 U.S.C. § 1291.
 

 The bankruptcy action was a petition by the trustee to avoid and set aside a transfer of real property. Timely appeal was noticed from the adverse decision of the bankruptcy judge. The appeal was docketed in the district court on June 27, 1984, and notice was sent by the district court clerk that pursuant to Bankruptcy Rule 8009 the appellant’s brief was due in fifteen days and that pursuant to local practice briefs should be filed with the clerk of the bankruptcy court. The trustee failed to file a brief, which was due on July 12, 1984, and on July 19, 1984 defendants served and filed with the clerk of the district court a motion to dismiss the appeal. On the next day, July 20, 1984, the trustee (appellant) filed his brief with the clerk of the district court. The trustee did not at any time file a response to the motion to dismiss the appeal. On August 3, 1984, the defendants’ (appellees’) brief was filed with the clerk of the bankruptcy court and eventually was transferred to the clerk of the district court on September 17, 1984. Meanwhile, the district court on September 12, 1984, granted the motion to dismiss the appeal. On September 17, 1984, the' trustee filed a motion to reconsider the order to dismiss and to permit the late filing of the brief. In this document the trustee for the first time attempted an explanation of his default and asserted, among other things, that he had not received the notice of docketing the appeal and that he believed the appellees had waived or withdrawn the motion to dismiss by filing the answering brief on the merits on August 3, 1984. The motion for reconsideration was denied by minute order entered on October 3, 1984.
 

 With respect to appeals from the bankruptcy court, Rule 8001(a) of the Bankruptcy Rules, provides:
 

 An appeal from a final judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel shall be taken by filing a notice of appeal with the clerk of the bankruptcy court within the time allowed by Rule 8002. Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal.
 

 The district court when it dismissed the appeal relied on the foregoing Rule and stated in its order:
 

 This court is aware that the sanction of dismissal is severe. However, this court is concerned that rules of procedure be followed as strictly in bankruptcy cases as in district court cases. In the present case, plaintiff has offered no explanation whatsoever for his failure to file his brief in a timely manner. Furthermore, plaintiff did not request leave of this court for permission to file the brief late. Hence, although dismissal is a severe' sanction, and although it is within this court’s discretion to determine whether dismissal is appropriate, plaintiff’s failure to come forward with
 
 any
 
 explanation for the late filing compels the court to grant defendants’ motion.
 

 (Emphasis in original).
 

 We review such an order of a district court for abuse of discretion.
 

 It is obvious that the action taken by the district court was not without some justification. We, nevertheless, are inclined to agree with the decision of the Tenth Circuit in
 
 In re Russell,
 
 746 F.2d 1419 (10th Cir. 1984). Factually the case is on all fours with the instant case with the sole exception that there had been no motion to dismiss the appeal from the bankruptcy court and the district court had
 
 sua sponte
 
 ordered the dismissal. Remanding the case for reconsideration, the
 
 Russell
 
 court said:
 

 It is apparent from the brief filed with the motion to vacate that the fault for the delay was with the attorney. The dismissal of the appeal was a sanction against the litigant and the attorney. Obviously dismissal is a possible sanction, a drastic sanction, and one to be used in the proper circumstances. How
 
 *1387
 
 ever, there is nothing in the record before us to indicate it was proper in this case, and nothing so appearing, we must consider the dismissal to have been an abuse of discretion.
 

 We have recently decided several en banc eases concerning sanctions. These include,
 
 In re Jay C. Baker and Michael J. Carson,
 
 744 F.2d 1438 (10th Cir. [1984]), and
 
 D & H Marketers v. Freedom Oil & Gas, Inc.,
 
 744 F.2d 1443 (10th Cir. [1984]), and panel cases,
 
 Hollis v. United States,
 
 744 F.2d 1430 (10th Cir. [1984]), and
 
 Sterling Energy v. Friendly National Bank,
 
 744 F.2d 1433 (10th Cir. [1984]).
 

 In the cited cases the pressing need for the imposition of sanctions in the proper circumstances is stressed. We also stated the need an appellate court has for the trial court’s statement or recitation as to
 
 why
 
 the particular circumstances demonstrated a need for the sanctions imposed. The “why” the particular sanction was imposed is, of course, related to the selection of the person against whom it is to be imposed and the choice of appropriate sanctions. Any choice includes monetary sanctions.
 

 (Emphasis in original).
 

 Here, too, the default was the fault of the attorneys and not the litigant. Yet the impact of the sanction imposed is primarily against the client. We have no intent to disavow the established principle that the faults and defaults of the attorney may be imputed to, and their consequences visited upon, his client. We do, however, believe that when any court is considering the imposition of sanctions for non-jurisdictional, procedural defaults and deficiencies in the management of litigation, the selection of the sanction to be imposed must take into consideration the impact of the sanction and the alternatives available to achieve assessment of the penalties in conformity with fault. Absent such consideration, there is an abuse of discretion.
 

 This concept is not novel. In
 
 Industrial Bldg. Materials, Inc. v. Interchemical Corp.,
 
 437 F.2d 1336 (9th Cir.1970), which involved review and reversal of a Rule 41(b) dismissal for non-compliance with a court order, this Court said:
 

 Rule 41(b) provides a rather drastic remedy by which a trial court can penalize a plaintiff for his counsel’s failure to comply with an order of the court. Application of the remedy rests within the sound discretion of the court, but since it may severely punish a party not responsible for the alleged dereliction of his counsel, the Rule should only be invoked in extreme circumstances. In reviewing the propriety of dismissal under Rule 41(b) we should, we think, look to see whether the court might have first adopted other, less drastic alternatives.
 
 Flaksa v. Little River Construction Co., Inc.,
 
 389 F.2d 885 (5th Cir.1968);
 
 Gill v. Stolow,
 
 240 F.2d 669 (2d Cir.1957).
 

 Rule 41(b), like Bankruptcy Rule 8001(a) suggests no guidelines for the exercise of discretion. In the more structured and rule-bound area of discovery sanctions our Court quite recently in
 
 Fjelstad, et al. v. American Honda, et al.,
 
 762 F.2d 1334 (9th Cir.1985), defined very narrow circumstances justifying dismissal as a sanction.
 

 In the present case the district court should reconsider in the light of possible effective sanctions alternative to dismissal.
 

 Reversed and remanded.