789 F.2d 705
 54 USLW 2603, 14 Collier Bankr.Cas.2d 1064,
14 Bankr.Ct.Dec. 709, Bankr. L. Rep. P 71,145
 SIERRA SWITCHBOARD CO., and Ella Fehl,
Plaintiffs-Appellants, Cross-Appellees,
v.
WESTINGHOUSE ELECTRIC CORPORATION; Thomas R. Domeno;
Dardanella Electric Corp., and Does I-40
Inclusive, Defendants-Appellees, Cross-Appellants.
 Nos. 84-2840, 84-2857.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 8, 1985.
Withdrawn from Submission Feb. 6, 1986.
Resubmitted April 4, 1986.
Decided May 7, 1986.
 
 P>        John W. Clark, Michael J. Korda, Clark & Korda, San Jose, Cal., for plaintiffs-appellants, cross-appellees.
 Mike C. Buckley, Crosby, Heafey, Roach & May, Oakland, Cal., for defendants-appellees, cross-appellants.
 Appeal from the United States District Court for the Northern District of California.
 Before SKOPIL, FLETCHER, and WIGGINS, Circuit Judges.
 FLETCHER, Circuit Judge:
 
 
 1
 Ella Fehl ("Fehl") appeals the district court's judgment affirming the bankruptcy court's dismissal of her emotional distress claim against defendants Westinghouse and Thomas Domeno ("Westinghouse"). Westinghouse cross-appeals for dismissal, asserting that the district court should have dismissed Fehl's appeal for failure to designate timely a record and issues on appeal.
 
 
 2
 We affirm the district court's decision dismissing Fehl's appeal on the ground that Fehl's emotional distress claim belonged to the bankruptcy estate.
 
 I. FACTS
 
 3
 Fehl was a co-owner and manager of Sierra Switchboard Company. Sierra designed and manufactured electrical equipment, and had an ongoing commercial relationship with Westinghouse. Thomas Domeno was a managerial employee of Westinghouse.
 
 
 4
 In a 1981 state court action arising out of commercial transactions between Sierra and Westinghouse, Fehl cross-complained against Westinghouse for emotional distress. Fehl alleged she suffered emotional distress because Westinghouse, inter alia, conspired to interfere with Sierra's contractual and business relationships, breached a security agreement under which Fehl had personally guaranteed Sierra's debts, and breached a credit agreement.
 
 
 5
 In October 1981, Fehl and Sierra Switchboard filed for bankruptcy. The entire state court action was removed to bankruptcy court. Westinghouse, Fehl, the trustee for Fehl's estate and others signed a stipulation dismissing the removed state court action without prejudice, with a proviso that any party could refile the action within one year. Within one year, Fehl refiled in bankruptcy court. The bankruptcy court dismissed Fehl's claim without making any findings or conclusions.
 
 
 6
 Although Fehl's notice of appeal to the district court was timely, Fehl did not comply with Bankruptcy Rule 8006 that requires designation of a record and issues on appeal within ten days after filing the notice of appeal.
 
 
 7
 The district court permitted Fehl to appeal even though the designation of record was untimely. After briefing, the district court remanded the action to bankruptcy court for written findings and conclusions. The bankruptcy court concluded that because the claim was the property of the bankruptcy estate and had not been abandoned by the trustee, Fehl lacked capacity to sue. Fehl objected.
 
 
 8
 The district court affirmed the bankruptcy court decision on the ground that the emotional distress claim was the property of the estate. Fehl timely appeals to this court.
 
 II. DISCUSSION
 
 9
 A. Failure to Designate a Record and Issues on Appeal
 
 
 10
 Bankruptcy Rule 8006 requires an appellant to file a designation of items to be included in the record and a statement of issues within 10 days after filing a notice of appeal. Bankruptcy Rule 9006(b)(1) states in part:
 
 
 11
 [W]hen an act is required or allowed to be done at or within a specified period by these rules ... the court for cause shown may at any time in its discretion ... on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.
 
 Bankruptcy Rule 8001(a) provides in part:
 
 12
 Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal.
 
 
 13
 We review for an abuse of discretion a district court's decision regarding the imposition of sanctions for non-compliance with non-jurisdictional bankruptcy procedural requirements. We find no abuse. See In re Hill, 775 F.2d 1385, 1386-87 (9th Cir.1985).
 
 
 14
 In In re Hill, the bankruptcy trustee timely appealed the bankruptcy judge's adverse decision to the district court, but failed to file a brief within the time frame specified under the bankruptcy rules. The trustee failed to seek the district court's permission to file a late brief and did not satisfactorily explain his failure to file a brief. A week after the time period for filing a brief had elapsed, appellees in the action filed a motion to dismiss the appeal. On the following day, the trustee filed his brief with the district court clerk. The district court later granted appellees' motion to dismiss. The trustee then filed a motion to reconsider the order to dismiss and permit late filing of the brief, which the district court denied.
 
 
 15
 We held that the district court's action constituted an abuse of discretion. We explained:
 
 
 16
 [T]he default was the fault of the attorneys and not the litigant. Yet the impact of the sanction imposed is primarily against the client. We have no intent to disavow the established principle that the faults and defaults of the attorney may be imputed to, and their consequences visited upon, his client. We do, however, believe that when any court is considering the imposition of sanctions for non-jurisdictional, procedural defaults and deficiencies in the management of litigation, the selection of the sanction to be imposed must take into consideration the impact of the sanction and the alternatives available to achieve assessment of the penalties in conformity with fault. Absent such consideration, there is an abuse of discretion.
 
 
 17
 Id. at 1387.
 
 
 18
 Similarly, in this case failure to designate a record and issues on appeal and failure to move for enlargement of time was the fault of the attorney and not Fehl. The primary impact of dismissal of the appeal would have been against Fehl. Having considered these factors, the district court was well within its discretion to permit Fehl's appeal to go forward. Accord In re Bienert, 48 B.R. 326, 327 (N.D.Iowa 1985) (where debtors and their attorney showed no bad faith with reference to their untimely designation of record and issues on appeal, action should not be dismissed. "[J]ustice is better served when controversies are decided on their merits rather than procedural technicalities.").
 
 
 19
 B. The Emotional Distress Claim as Property of the Bankruptcy Estate
 
 
 20
 The district court held that Fehl's emotional distress claim was the property of the bankruptcy estate under 11 U.S.C. Sec. 541(a)(1). Questions of statutory interpretation are reviewed de novo. Powell v. Tucson Air Museum Foundation of Pima County, 771 F.2d 1309, 1311 (9th Cir.1985).
 
 
 21
 11 U.S.C. Sec. 541(a)(1) (1982) defines property of the bankruptcy estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case." The scope of section 541 is broad, and includes causes of action. United States v. Whiting Pools, Inc., 462 U.S. 198, 205 & n. 9, 103 S.Ct. 2309, 2313 & n. 9, 76 L.Ed.2d 515 (1983). Section 70a(5) of the Bankruptcy Act, former 11 U.S.C. Sec. 110(a)(5)(1976), the predecessor statute to section 541, defined property to include:
 
 
 22
 [r]ights of action, which prior to the filing of the petition [the bankrupt] could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered: Provided, That rights of action ... for injuries to the person of the bankrupt ... shall not vest in the trustee unless by the law of the State such rights of action are subject to attachment, execution, garnishment, sequestration, or other judicial process....
 
 
 23
 The issue before us is whether the Bankruptcy Reform Act of 1978 broadened the definition of "property" to include a cause of action for emotional distress where such a cause of action could not be reached by creditors under state law.[1] See Purdy v. Pacific Automobile Insurance Co., 157 Cal.App.3d 59, 79-80, 203 Cal.Rptr. 524, 536 (1984). This is an issue of first impression in this circuit. The Fourth and Sixth Circuits, having analyzed the scope of section 541, reached conflicting results.
 
 
 24
 In Tignor v. Parkinson, 729 F.2d 977 (4th Cir.1984) the Fourth Circuit broadly construed section 541 and held that an unliquidated personal injury claim was property of the bankruptcy estate. The court, recognizing that such claims would have been excluded under former section 70a as a non-transferable interest, unreachable by creditors, reasoned:
 
 
 25
 The Bankruptcy Reform Act which repealed the old Bankruptcy Act is a significant change in the law applicable to the property of the bankrupt estate. Under the old Act only non-exempt property was included as part of the bankrupt estate.... Under the Reform Act, however, all property of the debtor is included in the bankrupt estate, including exempt property. "After the property comes into the estate, then the debtor is permitted to exempt it under proposed 11 U.S.C. Sec. 522, and the court will have jurisdiction to determine what property may be exempted ..." Legislative History, 1978 U.S.Code Cong. & Ad.News at 5787, 5868, 6324 ... The legislative history of this statute is explicit ...: "The scope of this paragraph is broad. It includes all kinds of property, including tangible or intangible property, causes of action...."
 
 
 26
 The fact that the schedule of exemptions established by Congress in the Reform Act includes an exemption of $7,500 for personal bodily injury claims is another clear indication that 11 U.S.C. Sec. 541(a) brings such claims into the bankrupt estate in the first instance....
 
 
 27
 The debtor's claims for injuries to the person ... are thus property of the bankrupt estate as of the commencement of the case. (footnotes omitted).
 
 
 28
 Id. at 980-81.
 
 
 29
 The Sixth Circuit reached a different conclusion in In re Baker, 709 F.2d 1063 (6th Cir.1983). That court declined to expand the definition of property under the Bankruptcy Reform Act to include a bankrupt's right to sue his insurance company. The court instead continued to apply the definitional test of Section 70a(5), under which the bankruptcy court first makes a state law inquiry into whether the property could have been transferred by the debtor or whether creditors could have reached it through judicial process. Id. at 1064.
 
 
 30
 Because under Michigan law, a cause of action for bad faith refusal to settle was not assignable, the Sixth Circuit held that the claim did not belong to the bankruptcy estate.
 
 
 31
 We believe the Fourth Circuit's interpretation of Section 541 represents the better view. The Bankruptcy Reform Act eliminated the restrictive language of Section 70a(5) regarding those causes of action to which a bankruptcy trustee could take title. Congress exempted personal injury payments in 11 U.S.C. section 522(d)(11)(D)(1982), and explicitly stated that exempt property is initially included in the bankruptcy estate under Section 541. H.R.Rep. No. 95-595, 95th Cong., 2d Sess. 368 (1977) reprinted in Legislative History, 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6324 [hereinafter Legislative History].
 
 
 32
 By adopting a comprehensive definition of property, the Bankruptcy Reform Act reduced the bankruptcy court's cumbersome reliance on state law analysis for determining property to be included in the estate. 4 Collier on Bankruptcy, p 541.02 at 541-10 (15th ed. 1985); In re Kwaak, 42 B.R. 599, 601 (Bankr.D.Maine 1984); Legislative History at 6136;[2] Matter of Jones, 43 B.R. 1002, 1005 (N.D.Ind.1984) ("The Bankruptcy Code of 1978 broadened 'what is included in the bankruptcy estate by eliminating Act concepts of leviability, transferability, vested title, and fresh start' "). See also In re Mills, 46 B.R. 525, 526 (S.D.Fla.1985) (unliquidated cause of action for personal injuries "property of the estate").
 
 
 33
 Thus, regardless of whether a personal injury claim is transferable or assignable under state law, such claims become part of the bankruptcy estate under section 541.[3]
 
 C. Abandonment of Claim by the Trustee
 
 34
 Fehl contends that even if her emotional distress claim did become part of the bankruptcy estate, the trustee in bankruptcy abandoned the claim to her. Fehl argues that the trustee's act of signing the stipulation in 1982 represented an abandonment, and that the stipulation created a binding contract guaranteeing her the right to refile her claim without prejudice. Westinghouse contends that the purpose of the stipulation was to preserve the status quo, and that the trustee did not abandon the claim.
 
 
 35
 However, we need not address the trustee's intent in signing the stipulation. 11 U.S.C.A. Sec. 554 (West Supp.1985) governs the abandonment of estate property.[4] Section 554 states:
 
 
 36
 (a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
 
 
 37
 (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
 
 
 38
 ....
 
 
 39
 (d) Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate. (Emphasis added).
 
 
 40
 Bankruptcy Rule 6007, implementing Section 554, states in part: "Unless otherwise directed by the court, the trustee ... shall give notice of a proposed abandonment ... to all creditors ..." Therefore, there is no abandonment without notice to creditors. 4 Collier on Bankruptcy p 554.01 at 554-3 (15th ed. 1985); In re Tucci, 47 B.R. 328, 331 (Bankr.E.D.Va.1985) (party proposing abandonment must give notice).
 
 
 41
 Nothing in the record indicates that creditors were notified of the trustee's intent to abandon the emotional distress claim. Even if the trustee intended abandonment by signing the 1982 stipulation, the agreement would be of no effect without prior notice to creditors. The emotional distress claim thus remained property of the bankruptcy estate.
 
 
 42
 AFFIRMED.
 
 
 43
 SKOPIL, Circuit Judge, special concurrence.
 
 
 44
 While I concur in the result reached by the majority, I cannot concur in its reasoning. In my view we need not decide the issue of whether Fehl's emotional distress claim became property of the estate. I write separately to express the view that the district court should have dismissed Fehl's appeal for failure to timely designate the record and issues on appeal.
 
 
 45
 Relying on Rule 8001(a), which states that the "failure ... to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, ...." and relying on this court's decision in In re Hill, 775 F.2d 1385 (9th Cir.1985), the majority concludes that the district court did not abuse its discretion in not dismissing Fehl's appeal for failure to timely designate the record. I cannot agree.
 
 
 46
 While Rule 8001(a) provides that the failure to take steps other than filing the notice of appeal does not affect the validity of the appeal, Bankruptcy Rule 8006 requires an appellant, within ten days after filing a notice of appeal, to file a designation of items to be included in the record and a statement of the issues on appeal. Bankruptcy Rule 9006(b)(1)(2) further requires a litigant who fails to timely file required materials to apply to the court for enlargement of time or for leave to file out of rule. Here, Fehl did neither. Rule 9006(b)(1)(2) further requires a litigant to show and the district court to find that the failure to act in a timely manner was the result of excusable neglect. In this case Fehl made no such showing and the district court made no such finding. The only justification asserted by Fehl for her attorney's failure to timely designate the record was her attorney's extremely heavy workload. The case law clearly establishes that an attorney's preoccupation with other litigation cannot constitute excusable neglect. See, e.g., Selph v. Council of the City of Los Angeles, 593 F.2d 881, 884 (9th Cir.1979) ("excusable neglect is not meant to cover the usual excuse that the attorney is too busy, which can be used, perhaps truthfully, in almost every case"); Matter of Estate of Butler's Tire & Battery Co., Inc. 592 F.2d 1028, 1033 (9th Cir.1979) (same).
 
 
 47
 I am also unpersuaded by the majority's conclusion, based upon In re Hill, 775 F.2d 1385 (9th Cir.1985), that the dismissal of Fehl's appeal for non-compliance with non-jurisdictional bankruptcy procedural requirements is inappropriate. In re Hill, which concerned the late filing of a brief, is distinguishable from this case involving the failure to designate the record on appeal. The record, unlike a brief, may be indispensable to a decision on appeal. Cf. Tucker Products Corp. v. Helms, 171 F.2d 126 (9th Cir.1948), cert. denied, 336 U.S. 938, 69 S.Ct. 748, 93 L.Ed. 1096 (1949) (dismissal of an appeal justified because appellant filed the transcript of record 20 days later than the rule in effect at the time allowed).
 
 
 48
 I am not unsympathetic to the majority's contention that the client should not be punished for the attorney's failings. I believe, however, that the failure to comply with the bankruptcy rule requiring the timely designation of the record on appeal requires dismissal of the appeal absent a finding of excusable neglect. Since nothing in the record supports a finding of excusable neglect, Fehl's appeal should have been dismissed.
 
 
 
 [1]
 Westinghouse argues that because Fehl did not raise the issue whether her emotional distress claim is property of the bankruptcy estate in bankruptcy court, that issue is not properly before this court. Fehl raised the issue for the first time in her objections to the bankruptcy court's proposed Findings of Fact and Conclusions of Law. Thus, the bankruptcy court never fully considered and addressed it
 Although generally this court does not consider issues appellant did not raise below, that rule need not be followed if the issue is purely legal and central to the case. See Matter of Pizza of Hawaii, Inc., 761 F.2d 1374, 1377 (9th Cir.1985). Here, the question whether an emotional distress claim is "property" under section 541 is purely legal. It is central to Fehl's case, because it affects her capacity to sue. See Matter of Fondiller, 707 F.2d 441, 442-43 (9th Cir.1983) ("Only those persons who are directly and adversely affected pecuniarily by an order of the bankruptcy court have been held to have standing to appeal that order. Thus, a hopelessly insolvent debtor does not have standing to appeal orders affecting the size of the estate." (citations omitted) ).
 
 
 [2]
 The bill makes significant changes in what constitutes property of the estate. Current law is a complicated melange of references to State law, and does little to further the bankruptcy policy of distribution of the debtor's property to his creditor in satisfaction of his debts
 The bill determines what is property of the estate by a simple reference to what interests in property the debtor has at the commencement of the case. This includes all interests, such as ... tangible and intangible property ... causes of action ... whether or not transferable by the debtor. (footnotes omitted).
 H.R.Rep. No. 95-595, 95th Cong., 2d Sess. 175 (1977) reprinted in Legislative History, 1978 U.S.Code Cong. & Ad.News 5963, 6136.
 
 
 [3]
 We need not decide whether emotional distress might in some circumstances be so personal to the debtor that it would be undesirable, on public policy grounds, to transfer the property interest to the bankruptcy trustee. See In re Brooks, 12 B.R. 22, 24-25 (S.D.Ohio 1981) (debtor cited no public policy reason why Congress could not expand definition of property to include personal injury claim). In the circumstances of this case, we perceive no persuasive public policy rationale
 
 
 [4]
 The former bankruptcy statute was silent about what action by the trustee constituted an abandonment, thus forcing courts to make difficult factual determinations. 4 Collier on Bankruptcy p 554.01 at 554-3 (15th ed. 1985). Section 554 eliminates this problem