SKOPIL, Circuit Judge,
special concurrence.
While I concur in the result reached by the majority, I cannot concur in its reasoning. In my view we need not decide the issue of whether Fehl’s emotional distress claim became property of the estate. I write separately to express the view that the district court should have dismissed Fehl’s appeal for failure to timely designate the record and issues on appeal.
Relying on Rule 8001(a), which states that the “failure ... to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, ----” and relying on this court’s decision in In re Hill, 775 F.2d 1385 (9th Cir.1985), the majority concludes that the district court did not abuse its discretion in not dismissing Fehl’s appeal for failure to timely designate the record. I cannot agree.
While Rule 8001(a) provides that the failure to take steps other than filing the notice of appeal does not affect the validity of the appeal, Bankruptcy Rule 8006 requires an appellant, within ten days after filing a notice of appeal, to file a designation of items to be included in the record and a statement of the issues on appeal. Bankruptcy Rule 9006(b)(l)(2) further requires a litigant who fails to timely file required materials to apply to the court for enlargement of time or for leave to file out of rule. Here, Fehl did neither. Rule 9006(b)(l)(2) further requires a litigant to show and the district court to find that the failure to act in a timely manner was the result of excusable neglect. In this case Fehl made no such showing and the district court made no such finding. The only justification asserted by Fehl for her attorney’s failure to timely designate the record was her attorney’s extremely heavy workload. The case law clearly establishes that an attorney’s preoccupation with other litigation cannot constitute excusable neglect. See, e.g., Selph v. Council of the City of Los Angeles, 593 F.2d 881, 884 (9th Cir. 1979) (“excusable neglect is not meant to cover the usual excuse that the attorney is too busy, which can be used, perhaps truthfully, in almost every case”); Matter of Estate of Butler’s Tire & Battery Co., Inc. 592 F.2d 1028, 1033 (9th Cir.1979) (same).
I am also unpersuaded by the majority’s conclusion, based upon In re Hill, 775 F.2d 1385 (9th Cir.1985), that the dismissal of Fehl’s appeal for non-compliance with non-jurisdictional bankruptcy procedural requirements is inappropriate. In re Hill, which concerned the late filing of a brief, is distinguishable from this case involving the failure to designate the record on appeal. The record, unlike a brief, may be indispensable to a decision on appeal. Cf. Tucker Products Corp. v. Helms, 171 F.2d 126 (9th Cir.1948), cert. denied, 336 U.S. 938, 69 S.Ct. 748, 93 L.Ed. 1096 (1949) (dismissal of an appeal justified because appellant filed the transcript of record 20 days later than the rule in effect at the time allowed).
I am not unsympathetic to the majority’s contention that the client should not be punished for the attorney’s failings. I believe, however, that the failure to comply with the bankruptcy rule requiring the timely designation of the record on appeal requires dismissal of the appeal absent a finding of excusable neglect. Since nothing in the record supports a finding of excusable neglect, Fehl’s appeal should have been dismissed.