818 F.2d 28
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Theda G. HARFORD, Debtor.
Theda G. HARFORD, Debtor-Appellant,
v.
The VALLEY OF VIRGINIA COOPERATIVE MILK PRODUCERS
ASSOCIATION; Cline Oil Company, Inc.; Kevin T. Turner;
Sammy Vance; Orlando Dice; Christopher Bland, d/b/a Bland
Land Co.; R.J. Morris; Cameron Corporation; Moore
Brothers Company; John G. Ours; The Grant County Bank;
Karen L. Garrett; Spruce Knob Seneca Rocks Telephone, Inc.,
Creditors--Appellees.
 No. 86-1274.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 20, 1987.
Decided April 27, 1987.
 
 Before RUSSELL, HALL and WILKINSON, Circuit Judges.
 
 
 1
 Theda G. Harford, appellant pro se.
 
 
 2
 Stephen Todd Heitz, Litten, Sipe & Miller, for appellee Valley of Virginia Cooperative Milk Producers Association.
 
 
 3
 Jerry D. Moore, for appellees Cline Oil Company, Inc.
 
 
 4
 Kevin T. Turner; Sammy Vance; Orlando Dice; Christopher Bland, d/b/a Bland Land Co.; R. J. Morris and Cameron Corporation; Jeffrey S. Bowers, Sponaugle, Sponaugle & Bowers; Jerry D. Moore for appellees Moore Brothers Company, John G. Ours.
 
 
 5
 Jeffrey S. Bowers, Jerry D. Moore, John G. Vanmeter for appellee Grant County Bank.
 
 
 6
 Lary D. Garrett, for appellee Karen L. Garrett.
 
 
 7
 William P. Cain, or appellee Spruce Knob Seneca Rocks Telephone, Inc.
 
 PER CURIAM:
 
 8
 Theda G. Harford appeals pro se from the district court's dismissal of her bankruptcy appeal. The district court dismissed Harford's appeal for failure to timely comply with Bankr. Rule 8006. For the reasons stated below, we vacate the district court's dismissal and remand to the district court for further proceedings.
 
 
 9
 From the record before us it appears that the bankruptcy court clerk ordered Harford to appear for a hearing on confirmation of a Chapter 11 bankruptcy plan in Martinsburg, West Virginia, at 3:30 p.m., 23 July 1985. It seems that this hearing was actually held at Clarksburg, West Virginia, at that time; the record does not show that Harford was informed of this change in the location of the hearing, and Harford denies that she was so informed. The bankruptcy court dismissed Harford's case on 1 August 1985 because she failed to appear in Clarksburg for the hearing.
 
 
 10
 Harford timely appealed to the district court. In her notice of appeal she stated, in part, that she appeared in Martinsburg as ordered and appealed from the bankruptcy court's dismissal of her case for failure to appear in Clarksburg. Harford apparently took no further steps to prosecute her appeal prior to the district court's entry of an order on 6 November 1986 to show cause why her appeal should not be dismissed for failure to comply with Bankr. Rule 8006. After considering Harford's response, the district court dismissed the appeal for failure to comply with Bankr. Rule 8006. Harford then appealed to this Court.
 
 
 11
 It is clear that failure to comply with the requirements of Bankr. Rule 8006 can be grounds for dismissal of an appeal of a bankruptcy court decision. See, e.g., In re Bock Laundry Machine Co., 63 Bankr. 221 (N. D. Ohio 1986), and In re Wilson, 53 Bankr. 123 (D. Mont. 1985).
 
 
 12
 Compliance with Bankr. Rule 8006 is not, however, a jurisdictional prerequisite to perfecting an appeal. Bankr. Rule 8001(a). A district court may excuse late compliance with the rule. In re Bernat, 57 Bankr. 1009 (E.D. Pa. 1986); Cournoyer v. Town of Lincoln, 53 Bankr. 478 (D.R.I., 1985), aff'd, 790 F.2d 971 (1st Cir. 1986). A district court may also act without any compliance with the rule. See In re Sweetwater, 57 Bankr. 743, 745 n.1 (D. Utah 1985).
 
 
 13
 Dismissal for failure to comply with procedural rules like Bankr. Rule 8006 is a harsh step, especially in a pro se case, and we review such decisions under an abuse of discretion standard. Sierra Switchboard Co. v. Westinghouse Electric Corp., 789 F.2d 705, 706-707 (9th Cir. 1986). A district court, when considering the possible imposition of a sanction for a nonjurisdictional, procedural default, including the failure to comply with Bankr. Rule 8006, must consider the range of sanctions available, the impact of the sanction on the party, and the extent to which the impact of the sanction on the party conforms to the degree of fault of the party. " 'Absent such consideration, there is an abuse of discretion. " ' Sierra Switchboard, 789 F.2d at 707 (quoting In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985)). Because the record does not support a conclusion that the district court considered these factors before dismissing Harford's appeal, we vacate the district court's order and remand the case for further consideration.
 
 
 14
 On remand, the district court may, in assessing fault, consider Harford's bad faith, the extent her default prejudiced the other parties, and the degree to which the default impeded the orderly administration of the judicial process. See In re Bernat, 57 Bankr. 1009, 1011 (E.D. Pa. 1986). We note that an appellant's failure to comply with Bankr. Rule 8006 will not necessarily prevent a district court from reviewing and deciding a bankruptcy appeal, where other materials before the district court adequately present the information required by that rule. See In re Sweetwater, 57 Bankr. 743, 745 n.1 (D. Utah 1985). The district court may determine on remand whether the content of Harford's notice of appeal constitutes substantial compliance with Bankr. Rule 8006.
 
 
 15
 We deny Harford's motion for stay pending appeal as moot in light of our disposition of her appeal on the merits. We dispense with oral argument because the facts and legal arguments are adequately presented in the record and oral argument would not significantly aid the decisional process.
 
 
 16
 VACATED and REMANDED.