829 F.2d 35
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Theda G. HARFORD, Donald E. Harford, Debtors,
Theda G. Harford, Donald E. Harford, Debtors-Appellants.
 No. 87-1009
 United States Court of Appeals, Fourth Circuit.
 Submitted July 27, 1987.
Decided August 28, 1987.
 
 Theda G. Harford and Donald E. Harford, appellants pro se.
 Before DONALD RUSSELL, K.K. HALL and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Theda and Donald Harford appeal the district court's dismissal of their bankruptcy appeal. The district court dismissed the Harfords' appeal for failure to timely perfect their appeal as required under Bankr. Rule 8006.
 
 
 2
 On August 25, 1986, Theda and Donald Harford filed a Chapter 11 bankruptcy petition. On September 6, 1986, the Harfords filed a letter requesting that they be allowed to withdraw their Chapter 11 petition and that the $200.00 filing fee be returned to them. On September 26, 1986, the bankruptcy court concluded that the Chapter 11 petition should be dismissed. On September 30, 1986, the Harfords filed their notice of appeal.
 
 
 3
 On October 28, 1986, the Harfords sent a letter to the district court indicating their basis for appeal, a copy of their request to withdraw the Chapter 11 action, the bankruptcy court's order setting a hearing on the issue of dismissal, and the bankruptcy court's order dismissing the action. The district court determined that the Harfords had failed to perfect their appeal as provided under Bankr. Rule 8006 and gave them 20 days to explain why the appeal should not be dismissed. The Harfords responded that they had sent all of the necessary parts of the record and were unable to obtain a copy of the transcript from the hearing. The district court dismissed the action, finding that the Harfords 'failed to designate the record on appeal as required' and 'have not shown good cause for their continued failure to timely comply.'* The Harfords appealed.
 
 
 4
 Failure to comply with the procedural requisites of Bankr. Rule 8006 may lead to the imposition of sanctions, including the dismissal of the appeal. Bankr. Rule 8001. However, the dismissal of an appeal in a pro se action for failure to comply with the procedural guidelines is a harsh sanction and should be reviewed under an abuse of discretion standard. Sierra Switchboard Co. v. Westinghouse Electric Corp., 789 F.2d 705, 706-07 (9th Cir. 1986). Prior to the imposition of any type of sanctions 'for non-jurisdictional, procedural defaults and deficiencies in the management of litigation, the selection of the sanction to be imposed must take into consideration the impact of the sanction and the alternatives available to achieve assessment of the penalties in conformity with fault. Absent such consideration, there is an abuse of discretion.' In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985). See also Sierra, supra, at 707. The record does not show that the district court considered these factors prior to dismissal of the appeal; therefore, the district court's order must be vacated and the case remanded for further consideration.
 
 
 5
 We dispense with oral argument because the facts and legal arguments are adequately presented in the record and oral argument would not significantly aid the decisional process.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 Although the Harfords advised the district court of the items to be included in the record and the issues to be raised on appeal, they failed to file a designation of the record and statement of issues in the bankruptcy court as required by Bankr. Rule 8006