872 F.2d 417
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Linwood R.T. GARRETT, Gladys M. Garrett, t/a Garrett &
Company, Bankrupt.
Linwood R.T. GARRETT, t/a Garrett & Company, Plaintiff-Appellant,
and
Gladys M. GARRETT, t/a Garrett & Company, Plaintiff.
 No. 88-3661.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 6, 1989.
Decided March 23, 1989.
 
 Linwood R.T. Garrett, appellant pro se.
 Before WIDENER, SPROUSE, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Linwood R.T. Garrett, a pro se litigant, appeals the district court's dismissal of his appeal from an adverse ruling of the bankruptcy court. We vacate the district court's order.
 
 
 2
 By order entered May 25, 1988, the district court awarded compensation for services rendered to a company which had auctioned off Garrett's property as property of the bankruptcy estate. Garrett timely filed a notice of appeal from the bankruptcy court's order; however, he did not designate a record as required by Bankruptcy Rule 8006. The district court, noting that Garrett had failed to designate a record or take any further steps to perfect the appeal, dismissed the appeal with prejudice.
 
 
 3
 Although a district court has the authority to dismiss an appeal with prejudice when the appellant fails to comply with Bankruptcy Rule 8006, see Bankr.Rule 8001(a), before doing so, the court must consider sanctions which are less severe when the appellant is proceeding pro se. See In re Hill, 775 F.2d 1385, 1387 (9th Cir.1985); Davis v. Williams, 588 F.2d 69, 70 (4th Cir.1978). Further, pro se litigants should be warned that dismissal is being contemplated as a sanction for failure to obey a court rule or order. See Schilling v. Walworth County Park & Planning Comm'n, 805 F.2d 272, 277 (7th Cir.1986); Camps v. C & P Telephone Co., 692 F.2d 120 (D.C.Cir.1981); Witt v. United States, 681 F.2d 1144, 1149 (9th Cir.1982). These principles hold true whether dismissal is for failure to designate a record under Bankr.R. 8006, or for failure to prosecute under Fed.R.Civ.P. 41(b).
 
 
 4
 Because the record does not indicate that the district court conducted the required analysis, or that Garrett was warned that dismissal was contemplated, we vacate the dismissal and remand for further proceedings consistent with this opinion. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 5
 VACATED AND REMANDED.