898 F.2d 146
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re J.R. ORGAIN, Jr., Debtor.
William T. OAKES; Stella B. Oakes, Plaintiffs-Appellees,
v.
J.R. ORGAIN, Jr., Defendant-Appellant.
 No. 89-2799.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 31, 1989.
Decided: Feb. 28, 1990.
Rehearing and Rehearing In Banc Denied March 20, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, District Judge. (C/A No. 89-463-R)
 J.R. Orgain, Jr., appellant pro se.
 Tyler Edward Williams, III, Baker & Williams, for appellees.
 E.D.Va.
 VACATED AND REMANDED.
 Before K.K. HALL, PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 J.R. Orgain, Jr., appeals from the district court's order dismissing his appeal from the bankruptcy court. The district court dismissed the appeal for failure to designate the record on appeal pursuant to Bankr.Rule 8006.
 
 
 2
 Failure to comply with the procedural requisites of the bankruptcy rules may lead to the imposition of sanctions, including dismissal. Bankr.Rule 8001. However, dismissal for failure to comply with a non-jurisdictional, procedural guideline is a particularly harsh sanction and should be reviewed under an abuse of discretion standard. Sierra Switchboard Co. v. Westinghouse Electric Corp., 789 F.2d 705, 706-07 (9th Cir.1986). Before dismissing a bankruptcy appeal for failure to comply with a procedural requirement, the district court should make a finding of bad faith or negligence, give the appellant notice and an opportunity to explain the delay, consider whether the delay had any possible prejudicial effects on the other parties, or indicate that it considered the impact of the sanction and available alternatives. Id.; In re Tampa Chain Company, Inc., 835 F.2d 54, 55-56 (2d Cir.1987); In re Hill, 775 F.2d 1385, 1387 (9th Cir.1985); In re Beverly Manufacturing Corp., 778 F.2d 666 (11th Cir.1985); In re Braniff Airways, Inc., 774 F.2d 1303 (5th Cir.1985). Failure to take at least one of these steps constitutes an abuse of discretion.
 
 
 3
 Because the district court failed to take any of the above steps, we vacate the district court's order and remand the case for further consideration. We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 VACATED AND REMANDED.