968 F.2d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Alfred N. HARRIS, Debtor,
Harry SHAPIRO; Linda Shapiro, Plaintiffs-Appellants,
v.
Alfred N. HARRIS, Defendant-Appellant.
 No. 91-1716.
 United States Court of Appeals, Sixth Circuit.
 July 14, 1992.
 
 Before SUHRHEINRICH and SILER, Circuit Judges, and BATTISTI,* District Judge.
 PER CURIAM.
 
 
 1
 Appellants Harry and Linda Shapiro appealed to the United States District Court for the Eastern District of Michigan from a judgment of the Bankruptcy Court. The district court dismissed the appeal for failure to file a brief, and denied appellant's motion to reconsider. We affirm.
 
 
 2
 * On November 13, 1990, the Shapiros filed with the district court a notice of appeal from a judgment of the bankruptcy court. The clerk of the district court received the record for the appeal on February 22, 1991, and docketed the appeal and transmitted notice to the parties pursuant to Bankruptcy Rule 8007(b) on February 25, 1991. The Shapiros' attorney acknowledges receiving this notice on behalf of the Shapiros. Bankruptcy Rule 8009(a)(1) requires appellants to file a brief within fifteen days of entry of their appeal on the docket. On April 4, 1991, the Shapiros had failed to file the requisite brief, and the district court issued an order to show cause, within five days, why the appeal should not be dismissed. On April 9, 1991, the Shapiros filed their response, which read in its entirety, "Plaintiff failed to file a brief on this matter after the prior order declining to dismiss this appeal due to a mis-docketing of the dates and not out of disrespect or avoidance of the Court's process." Along with this response, the Shapiros submitted a brief. On April 9, 1991, the district court dismissed the appeal, finding the untimely filing to have resulted from negligence and indifference.
 
 II
 
 3
 Bankruptcy Rule 8001(a) gives the district court authority to dismiss if an appellant fails to file a required pleading in a timely manner. We have held, however, that a district court should not order dismissal unless the untimeliness is the result of negligence, indifference, or bad faith. In re Winner Corp., 632 F.2d 658, 661 (6th Cir.1980). Only for abuse of discretion will we reverse a dismissal entered pursuant to a finding of negligence, indifference, or bad faith. In re Hill, 775 F.2d 1385, 1386 (9th Cir.1985).
 
 
 4
 The district court did not abuse its discretion. It dismissed the appeal after specifically finding negligence and indifference. The district court also specified the grounds for its finding, and those grounds amply support its decision.
 
 
 5
 The Shapiros had a history of untimely filing. Bankruptcy Rule 8006 requires appellants to designate the record and issues on appeal within ten days of filing their notice of appeal. The Shapiros filed a notice of appeal on November 13, 1990, but did not file the required designation. Consequently, Harris filed a motion to dismiss on January 11, 1991. In response to this motion, the Shapiros filed their designation. On February 19, 1991, the district court decided to allow the Shapiros to pursue their appeal despite taking more than two months to file the required designation. After this episode, the Shapiros should have been particularly vigilant regarding deadlines. When they again failed to make a required filing in a timely manner and acted only when prompted by a third party, the district court found their conduct to result from negligence and indifference.
 
 
 6
 The district court also based its finding of negligence and indifference on the manner in which the Shapiros responded to the show cause order. The Shapiros, threatened with dismissal, responded to the district court's order with a one sentence assertion that they had somehow "mis-docketed" the filing deadline. The appellants failed to supplement this assertion with an affidavit, or to offer any explanation of how the "mis-docketing" could have taken place, what docketing system is used, or what, if any, steps were taken after the first untimely filing to insure that it would not recur. The very paucity of this response lends further support to the district court's finding of negligence and indifference.
 
 
 7
 For the foregoing reasons, the district court did not abuse its discretion. Therefore, we affirm the order of the district court dismissing the appellants' appeal from the judgment of the bankruptcy court.
 
 
 
 *
 The Honorable Frank J. Battisti, District Judge, United States District Court for the Northern District of Ohio, sitting by designation