5 F.3d 534
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re BERCOR INC., dba Bercor Two; Bercor Three; Bercor
Distributing Corp.; Blatt Distributing Corp., Copper State
Mercantile Co. Inc., Allied Distributing Co.; Bercor Allied
Distributing Corp.; BG Toy Co., Inc.; Tash, Inc.; Craig
Consumer Electronics Corp.; Consumer Electronics Corp.;
Imaginations, Debtors.
MORRIS STRUHL, INC., Plaintiff-Appellant,
v.
BERCOR, INC., Defendant-Appellee.
 No. 92-55460.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1993.*
Decided Sept. 1, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Morris Struhl, Inc. ("Morris") appeals the district court's order dismissing failure to prosecute Morris's appeal from the bankruptcy court's judgment in favor of Chapter 11 debtor Bercor, Inc. ("Bercor") in Bercor's action to avoid a preferential transfer. We have jurisdiction pursuant to 28 U.S.C. Sec. 158(d). We review for abuse of discretion a district court's dismissal for failure to prosecute. Myers v. Shekter (In re Hill), 775 F.2d 1385, 1386 (9th Cir.1985) (per curiam). We affirm.
 
 
 3
 Morris filed its notice of appeal from the bankruptcy court's judgment on March 22, 1991.[1] Morris's opening brief was due August 30, 1991.[2] Morris failed to file a brief. On February 4, 1992, on the court's own motion, the district court issued Morris an order to show cause ("OSC") why Morris's appeal should not be dismissed for lack of prosecution. Morris filed a timely response. On March 11, 1992, the district court dismissed Morris's appeal for failure to prosecute. Morris timely appeals.
 
 
 4
 Morris contends the district court abused its discretion by dismissing its appeal. Morris argues that the district court erred by dismissing, rather than staying, its appeal and by failing to consider less drastic sanctions. We disagree.
 
 
 5
 The local rules authorize the district court to dismiss an appeal if the appellant fails to file a timely opening brief. C.D.Cal.Loc.Bankr.R. 155(7), 157(2). Because Morris failed to file its opening brief by August 30, 1991 or at any time following its notice of appeal, we conclude the district court did not abuse its discretion by dismissing the appeal for failure to prosecute. See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Morris filed its notice of appeal with the Bankruptcy Appellate Panel ("BAP"). Bercor filed a notice of objection to referral of the appeal to BAP, and BAP transferred the appeal to the district court
 
 
 [2]
 In their joint status report filed July 24, 1991, Morris and Bercor agreed that Morris's opening brief would be due August 30, 1991