95 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re THOMAS BROTHERS RESTAURANT CORPORATION ONE, Debtor.
Mark C. THOMAS; Nicholas Thomas, Appellants,
v.
TACO BELL CORPORATION; Taco Bell Royalty Company, Appellees.
In re THOMAS BROTHERS RESTAURANT CORPORATION ONE, Debtor.
Mark C. THOMAS; Nicholas Thomas, Appellants,
v.
TACO BELL CORPORATION; Taco Bell Royalty Company, Appellees.
 No. 95-55789, 95-55816.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 23, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mark C. Thomas and Nicholas Thomas, officers and directors of Chapter 11 debtor Thomas Brothers Restaurant Corporation One ("debtor"), appeal the district court's dismissal of their appeals from two discovery sanction orders entered by the bankruptcy court.[1] We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review for abuse of discretion, Myers v. Shekter (In re Hill), 775 F.2d 1385, 1386 (9th Cir.1985) (per curiam), and we affirm.
 
 
 3
 The district court issued its briefing schedule and the Thomases' opening brief was due by February 20, 1995. The Thomases failed to file their opening brief. On March 23, 1995, the district court entered an Order to Show Cause ("OSC") requiring the Thomases to show cause why their appeals should not be dismissed for failure to comply with the briefing schedule. The Thomases failed to file a response to the district court's OSC. The debtor, however, filed a response to the OSC. The district court did not consider the response adequate because (1) it did not address why the Thomases failed to file their opening brief and (2) it was filed by the debtor and not the Thomases.[2]
 
 
 4
 "Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court ... deems appropriate, which may include dismissal of the appeal." Fed.R.Bankr.P. 8001(a).
 
 
 5
 With respect to dismissals for lack of prosecution in the bankruptcy context, this court has stated:
 
 
 6
 [W]hen any court is considering the imposition of sanctions for non-jurisdictional, procedural defaults and deficiencies in the management of litigation, the selection of the sanction to be imposed must take into consideration the impact of the sanction and the alternatives available to achieve assessment of the penalties in conformity with fault. Absent such consideration, there is an abuse of discretion.
 
 
 7
 In re Hill, 775 F.2d at 1387.
 
 
 8
 Here, the district court did not initially dismiss the Thomases' appeals for failure to file their opening brief. Instead of dismissing the appeals, the district court issued an OSC allowing the Thomases the time and opportunity to explain their failure to comply with the briefing schedule. The Thomases failed to file any response satisfying the OSC. Because the district court considered the impact of dismissal on account of the Thomases' failure to file their opening brief and because it initially imposed a sanction that allowed the Thomases the opportunity to cure their lack of prosecution, the district court did not abuse its discretion by dismissing the Thomases' appeals. In re Hill, 775 F.2d at 1386.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In appeal No. 95-55816, the Thomases appeal from the district court's dismissal of their appeal from the bankruptcy court's order, entered on December 19, 1994, sanctioning the Thomases $29,800 for failing to appear at a scheduled Fed.R.Bankr.P. 2004 examination and for failure to comply with a discovery order. In appeal No. 95-55789, the Thomases appeal from the district court's dismissal of their appeal from the bankruptcy court's order, entered on December 30, 1994, sanctioning the Thomases $4,000 due to their continued noncompliance with the bankruptcy court's discovery orders
 
 
 [2]
 The district court questioned the debtor's standing because the bankruptcy court imposed sanctions jointly and severally against the Thomases and not the debtor