MEMORANDUM **
Joseph Giannini (“Giannini”) appeals the district court’s order dismissing his appeal from the bankruptcy court’s judgment in favor of the State Bar of California (“State Bar”). Because the district court abused its discretion in dismissing Giannini’s appeal, we reverse.[1]
On July 21, 2003, Giannini, a pro se litigant, filed in the district court an appeal from the bankruptcy court’s determination that his debt to the State Bar was nondischargeable. The district court scheduled opening briefs due no later than February 25, 2004. Giannini filed an initial motion to vacate the bankruptcy court’s judgment on December 2, 2003, which the district court denied on January 30, 2004. On February 19, 2004, Giannini filed a renewed motion to vacate and a motion to continue the appellate briefing schedule until after the court ruled on Giannini’s renewed motion to vacate. As of March 25, the district court had neither ruled on Giannini’s renewed motion to vacate nor his motion for continuance of the briefing schedule. Yet on that date, the State Bar filed a motion to dismiss the appeal.
The district court denied Giannini’s motion to vacate and his motion to continue the appellate briefing schedule on April 6. Six days later, Giannini filed his opening appeal brief and an ex parte application to permit late filing. The district court, on April 26, granted the State Bar’s motion to dismiss based upon Local Rule Governing Bankruptcy Appeals, Cases and Proceedings 5.5, which states: “If an appellant fails to file a brief within the time provided by these rules, the district court may dismiss the appeal on its own motion or upon motion of the appellee.”
Giannini appeals the district court’s dismissal of his appeal, which we review for abuse of discretion. Fitzsimmons v. Nolden (In re Fitzsimmons), 920 F.2d 1468, 1471 (9th Cir.1990) (reviewing 'of dismissal for non-compliance with non-jurisdictional rules for abuse of discretion).
Dismissal is a harsh sanction. A court abuses its discretion when it dismisses a case for procedural non-compliance without consideration of “the impact of the sanction and the alternatives available .... ” See Myers v. Shekter (In re Hill), 775 F.2d 1385, 1387 (9th Cir.1985). It may be unnecessary, however, for a court to consider alternatives to dismissal in egregious circumstances of non-compliance. See Morrissey v. Stuteville (In re Morrissey), 349 F.3d 1187, 1190-91 (9th Cir.2003) (affirming dismissal imposed after egregious violations of local rules).
When a court sets deadlines, parties must strictly adhere to them. As Local Rule 5.5 provides, failure to follow these deadlines may justifiably result in dismissal. This case, however, presents special *581 circumstances because Giannini’s potentially dispositive motion to vacate and motion for continuance remained pending when the State Bar filed its motion for dismissal. Furthermore, the district court dismissed Giannini’s appeal without explicit consideration of an alternative sanction. The court did not describe any egregious circumstances that might have justified dismissal without such consideration. Although the court noted when dismissing the appeal that it had previously denied Giannini’s request for continuance of the briefing schedule, the district court denied that continuance motion well after Giannini’s deadline for submission of his opening brief.
Once the district court issued its opinion denying Giannini’s renewed motion to vacate and to continue the briefing schedule, Giannini filed his opening brief within six days. Indeed, the district court dismissed the appeal after Giannini had already filed his brief. We do not see here egregious circumstances that justify dismissal in the absence of consideration of alternative sanctions.
In light of the foregoing, we reverse the district court’s dismissal of Giannini’s appeal as an abuse of discretion and remand this case to the district court for further proceedings.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

. Giannini and the State Bar both improperly briefed before this court the merits of the bankruptcy court’s decision. The merits of the bankruptcy court’s decision are not before this court and we only decide here whether the district court’s dismissal of Giannini’s appeal for failure to comply with the briefing schedule constituted an abuse of discretion.