UNITED STATES of America, Plaintiff–
Cross–Defendant–Appellee,

v.

HIGH COUNTRY BROADCASTING
COMPANY, INC., Defendant–
Cross–Claimant–Appellant,

and

C.R. Crisler, Applicant in Intervention–
Appellant.

No. 92–15581.

United States Court of Appeals,
Ninth Circuit.

Submitted August 13, 1993 *.

Decided Aug. 27, 1993.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

John P. Greenspan, F.C.C., Washington, DC, and Suzanne M. Chynoweth, Asst. U.S. Atty., Phoenix, AZ, for plaintiff-appellee U.S. of America.

C.R. Crisler, Memphis, TN, pro se and for the defendant-appellant High Country Broadcasting Co., Inc.

Before: KOZINSKI, THOMPSON and NELSON, Circuit Judges.

PER CURIAM:

■ A corporation may appear in federal court only through licensed counsel. *Rowland v. California Men's Colony,* — U.S. ——, ——, 113 S.Ct. 716, 721, 121 L.Ed.2d 656 (1993); *see also* 28 U.S.C. § 1654. An attorney appeared for High Country in the district court for the limited purpose of filing an answer and cross-complaint. *See* CR 3. When it became apparent that Crisler (who was not a licensed attorney at that time) was attempting to represent High Country, the district court ordered High Country to retain counsel for the duration of the litigation. When High Country failed to do so, the district court entered a default judgment against it; this was perfectly appropriate. *See, e.g., Shearson Loeb Rhoades, Inc. v. Quinard,* 751 F.2d 1102 (9th Cir.1985).[1]

■ A more interesting issue is raised by the district court's refusal to let Crisler intervene under Federal Rule of Civil Procedure 24. Intervention as a matter of right is proper if (1) the motion is timely; (2) the applicant asserts an interest relating to the subject of the action; (3) without intervention, the disposition of the action may impair the applicant's ability to protect that interest; and (4) the applicant's interests are inadequately represented by the other parties. *California ex rel. Van de Kamp v. Tahoe Regional Planning Agency,* 792 F.2d 779 (9th Cir.1986).

Crisler was High Country's President and sole shareholder. His interests would have been adequately represented by High Country had it complied with the court's order to retain permanent counsel. But High Country didn't, resulting in a default judgment. This calls into question the adequacy of High Country's representation of Crisler's interests.

■ In an ordinary case we might have our doubts whether High Country could adequately represent Crisler's interests. But here Crisler's application to intervene pro se was nothing more than an end run around section 1654. As High Country's President, statutory agent and only shareholder, Crisler was singularly to blame for High Country's failure to retain counsel. As an intervenor, Crisler sought to accomplish the exact same objectives that he did as High Country's counsel—to represent High Country pro se. To allow a sole shareholder with interests identical to the corporation's to intervene under such circumstances, rather than hire corporate counsel, would eviscerate section 1654. We decline to read Rule 24 as condoning such a result. *See* Fed.R.Civ.P. 1 (court shall interpret rules to "secure the just, speedy, and inexpensive determination of every action"); *Marquis Theatre Corp. v. Condado Mini Cinema,* 846 F.2d 86, 89 (1st Cir.1988) (Rule 1 prevents party from flouting spirit of rules, even if party fits within their literal meaning). The district court did not err in denying Crisler's motion to intervene.

■ Finally, Crisler maintains High Country is "nonexistent" and cannot be sued. But the United States' claim survives the corporation's dissolution. *See* Ariz.Rev.Stat.Ann. § 10–105; *see also Ruck Corp. v. Wouden-*

---

1. Crisler has since become a licensed attorney. He was admitted to practice before this court pursuant to Fed.R.App.P. 46 and 9th Cir.R. 46.1, and is now counsel both for himself and High Country.

*berg,* 125 Ariz. 519, 611 P.2d 106, 110 (Ariz. Ct.App.1980).

*AFFIRMED.*