81 F.3d 167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,
v.
HYDE PARK APARTMENTS, Plaintiff-intervenor Appellant,
v.
Ranbir S. SAHNI, Defendant-Appellee.
 No. 94-56673.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 5, 1996.
Decided March 27, 1996.
 
 Before: WALLACE, FERGUSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Hyde Park Apartments, a California limited partnership which operates a HUD housing development called the Hyde Park Apartments, appeals the district court's order denying its motion to intervene in litigation between the FDIC and Ranbir S. Sahni. In FDIC v. Sahni, the FDIC, in its capacity as receiver, filed suit against Sahni to enforce the collection of a $1.2 million debt Sahni owed to Metro North State Bank, a failed bank. As collateral for this loan, Sahni had pledged his interest as sole general partner in ten limited partnerships, including the Hyde Park limited partnership. Upon motion by the FDIC, the district court appointed Timothy Strack as a receiver to protect and preserve the collateral, the apartment complexes, during the pendency of the litigation. Hyde Park moved to intervene in order to challenge the appointment of the receiver and the district court denied the motion. In its order, the district court invited the individual limited partners to intervene in ADC v. Strack, No. 95-55648.[1]
 
 DISCUSSION
 
 3
 Hyde Park asserts three claims in this appeal: 1) the district court erred by denying its motion to intervene; 2) the district court erred by not finding Hyde Park to be an indispensable party; and 3) the district court erred by appointing a receiver to manage and control Hyde Park.
 
 A. Intervention as a Matter of Right
 
 4
 Hyde Park argues that the district court erred by denying its motion to intervene because the partnership has an ownership interest in the subject of the lawsuit and this interest is being impaired. The FDIC contends that this motion to intervene is really a ruse by Sahni to have another opportunity to challenge the district court's order appointing the receiver. The district court apparently agreed with the FDIC. The court denied the motion to intervene as to the limited partnership entity and invited the individual limited partners to intervene.
 
 
 5
 The district court's decision regarding intervention as a matter of right is reviewed de novo. Idaho Farm Bureau Fed'n v. Babbitt, 58 F.3d 1392, 1397 (9th Cir.1995). The rule of intervention as of right is construed broadly in favor of applicants for intervention. United States v. Oregon, 839 F.2d 635, 637 (9th Cir.1988). Fed.R.Civ.P. 24(a) provides in pertinent part:
 
 
 6
 Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
 
 
 7
 In Sagebrush Rebellion, Inc. v. Watt, 713 F.2d 525 (9th Cir.1983), this court interpreted Rule 24(a)(2) to require the district court to grant a motion to intervene if the applicant meets the following four criteria: 1) timeliness; 2) an interest in the subject matter of the litigation; 3) absent intervention the party's interest may be practically impaired; and 4) other parties inadequately represent the intervenor. Id. at 527.
 
 
 8
 In the case at bar the main controversy involves the fourth factor. Hyde Park contends that Sahni, the general partner, does not adequately represent the interests of the limited partnership. The Ninth Circuit has ruled:
 
 
 9
 In determining adequacy of representation, we consider whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; whether the present party is capable and willing to make such arguments; and whether the intervenor would offer any necessary elements to the proceedings that other parties would neglect.
 
 
 10
 California v. Tahoe Regional Planning Agency, 792 F.2d 775, 778 (9th Cir.1986).
 
 
 11
 In United States v. High Country Broadcasting Co., 3 F.3d 1244 (9th Cir.1993) (per curiam), cert. denied, 115 S.Ct. 93 (1994), this court held that the denial of the sole shareholder's motion to intervene was appropriate where it was an apparent attempt to avoid the requirement that a corporation could only appear in federal court through licensed counsel. Id. at 1245. In High Country, Crisler was the sole shareholder and president of the corporation. Crisler, who was not a licensed attorney, attempted to represent High Country in federal court. The court ordered High Country to retain counsel pursuant to 28 U.S.C. § 1654. When High Country did not comply with the order, the court ordered a default judgment against the corporation. Id. Crisler attempted to intervene in the action and the district court denied the motion. Id. On appeal the Ninth Circuit affirmed the denial of the motion to intervene and reasoned:
 
 
 12
 But here Crisler's application to intervene pro se was nothing more than an end run around section 1654. As High Country's President, statutory agent and only shareholder, Crisler was singularly to blame for High Country's failure to retain counsel. As an intervenor, Crisler sought to accomplish the exact same objectives that he did as High Country's counsel--to represent High Country pro se. To allow a sole shareholder with interests identical to the corporation's to intervene under such circumstances, rather than hire corporate counsel, would eviscerate section 1645. We decline to read Rule 24 as condoning such a result.
 
 
 13
 Id. The court supported its conclusion by citing Fed.R.Civ.P. 1 which articulates the broad principle behind the rules of civil procedure. Rule 1 provides, "[these rules] shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Thus, Rule 1 prevents a party from flouting the spirit of the rules, even if the party fits within their literal meaning. Id.
 
 
 14
 The sole shareholder's misuse of Rule 24 in High Country, is analogous to general partner Sahni's manipulation of Rule 24 in the case at bar. The FDIC opposed Hyde Park's motion to intervene on the grounds that: 1) only the receiver had the authority to hire counsel for Hyde Park; and 2) there was no evidence that the entity of the partnership was anyone other than Sahni, who was already represented by counsel and a party to the litigation.
 
 
 15
 In its motion to intervene, Hyde Park was represented by attorney Robert Graham, who admitted that Sahni hired him:
 
 
 16
 After the receiver had filed a motion for leave to engage counsel at the expense of the partnership, Mr. Sahni approached me and requested, in his capacity as general partner of Hyde Park Apartments, that I represent Hyde Park for the purposes of protecting the partnership and its limited partners from the unwarranted charge of the legal cost of the receiver.
 
 
 17
 At the time that Sahni retained Graham, the court had issued an injunction which required Sahni to "refrain from exercising any rights or powers of the general partner in the limited partnerships, including the power to vote, consent, oversee, manage and otherwise operate the limited partnerships as the general partner." The fact that Sahni hired Graham is evidence that Sahni, and not the entity of the limited partnership, was the real intervenor. Additionally, the parties presented the district court with conflicting evidence of the ownership of Hyde Park and the identities of the other limited partners. Sahni claimed that he owned only a 10% interest in the limited partnership, while the FDIC asserted that Sahni had a 99% interest in the limited partnership.
 
 
 18
 The district court fashioned a remedy which effectively prevented Sahni from abusing Rule 24(a)(2) and protected the interests of Sahni's partners. The remedy was to give the individual limited partners the opportunity to intervene. The court did not ignore the fact that a partnership is a separate entity which may sue and be sued in its own name. Cal.Civ.Proc.Code § 369.5(a) (West 1996), Fed.R.Civ.P. 17(b). The court also recognized that a limited partner is not a proper party to an action by or against the partnership. Cal.Corp.Code § 15526 (West 1996). Nonetheless, the court responded to the unusual circumstances presented in this case. In allowing the limited partners to intervene, the district court relied on California cases in which state courts had permitted limited partners to intervene in litigation where the interests of the limited partners were not being protected. See Kobernick v. Shaw, 70 Cal.App.3d 914 (1977); Linder v. Vogue Inv., Inc., 239 Cal.App.2d 338 (1966).
 
 
 19
 On appeal the record contains conflicting evidence of the ownership of Hyde Park. Moreover, the record clearly shows that none of the individual limited partners attempted to intervene. The district court's order was a practical solution to ferret out abuse of Rule 24. This court will not permit Sahni to flout procedural rules for his own advantage. See High Country, 3 F.3d at 1245. The issue of the appointment of the receiver was exhaustively addressed by the parties before the district court. Thus, the district court did not err when it denied Hyde Park's motion to intervene and invited the limited partners to intervene as individuals.
 
 B. Indispensable Party
 
 20
 On appeal Hyde Park argues that the limited partnership is an indispensable party in FDIC v. Sahni and therefore the district court should have dismissed the action.[2] To determine if an action must be dismissed for failure to join an indispensable party, a court must conduct a two-part analysis: 1) is the absent party "necessary" to the suit; and 2) if the party is necessary and cannot be joined, then is the party "indispensable" so that in equity and good conscience the suit should be dismissed? United States ex rel. Morongo Band of Mission Indians v. Rose, 34 F.3d 901, 907 (9th Cir.1994).
 
 
 21
 The determination of whether the absent party is necessary also involves a two-part test which is set out in Fed.R.Civ.P. 19(a). The rule provides in pertinent part:
 
 
 22
 (a) Persons to be Joined if Feasible. A person ... shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest.
 
 
 23
 Fed.R.Civ.P. 19(a). The dispute in the case at bar involves Rule 19(a)(2)(i) which addresses whether the absent party is adequately represented in the action. This question parallels the inquiry under Rule 24(a), intervention of right, of whether a party's interests are inadequately represented by the existing parties. Shermoen v. United States, 982 F.2d 1312, 1318 (9th Cir.1992), cert. denied, 113 S.Ct. 2993 (1993). The purpose of Rule 19(a)(2)(i) "is to protect the legitimate interests of absent parties, as well as to discourage multiplicitous litigation." United States ex rel. Morongo Band of Mission Indians v. Rose, 34 F.3d 901, 908 (9th Cir.1994).
 
 
 24
 In the case at bar, the district court did not err by proceeding with the case in the absence of Hyde Park. As discussed above, the interest of the partnership entity was indistinguishable from the interest of its general partner, Sahni, who was already a party to the litigation. Nonetheless, the district court fashioned a remedy to ensure the protection of the individual limited partners' interests which may have been impaired by the appointment of the receiver. The apparent identity of interest between Sahni and the limited partnership compels the conclusion that Hyde Park was not a necessary party who needed to be joined if feasible. Therefore, Hyde Park was not an indispensable party.
 
 CONCLUSION
 
 25
 The district court's denial of Hyde Park's motion to intervene is AFFIRMED. Since we hold that the district court did not err in denying Hyde Park's motion to intervene, we do not reach the issue of whether the district court erred in appointing a receiver.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hyde Park's complaint in intervention was filed against Strack, the receiver, not against the FDIC. This may help explain why the district court order stated: "The limited partners are invited, however, to participate on their own behalf in ADC v. Strack, to protect the interests they have in their contributions to and income from Hyde Park Apartments. The limited partners may file documents in such case to set forth their positions."
 
 
 [2]
 The FDIC did not address this issue in its brief on the ground that Hyde Park could not raise the issue on appeal because Hyde Park did not list the issue in its motion to appeal and Hyde Park does not have standing. Nonetheless, we address the issue because an appellate court can raise the issue of indispensable parties sua sponte to protect the interests of the absent party. Pit River Home and Agric. Coop. Ass'n v. United States, 30 F.3d 1088, 1099 (9th Cir.1994)