97 F.3d 1458
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andrew Derek ANUNCIATION, Plaintiff-Appellee,
v.
WEST CAPITAL FINANCIAL SERVICES CORPORATION, a foreign
corporation, Defendant-Appellant.
 No. 95-15845.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 17, 1996.*
Decided Sept. 19, 1996.
 
 1
 Before: BEEZER and THOMPSON, Circuit Judges, and GILLMOR,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Andrew Derek Anunciation filed a complaint against West Capital Financial Services Corporation (West Capital) alleging one cause of action for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. West Capital was served with a summons and a copy of the complaint.
 
 
 4
 West Capital failed to respond to the complaint. Anunciation filed an amended complaint virtually identical to the initial complaint, but adding a cause of action for invasion of privacy. Anunciation served West Capital with a copy of the amended complaint, but not with another summons. Upon West Capital's continued failure to respond to the pleadings, Anunciation requested, and the Clerk of the Court entered, a default against West Capital. After conducting a hearing on damages, the district court entered a default judgment and order awarding Anunciation $1,000 in statutory damages under 15 U.S.C. § 1692, and $9,500 in actual damages. The district court did not award any damages on the invasion of privacy claim. Later, the court amended its judgment to include an additional award of $5,289 for costs and attorney fees. West Capital appeals.
 
 DISCUSSION
 A. Jurisdiction on Appeal
 
 5
 Anunciation previously filed a motion to dismiss the present appeal for lack of jurisdiction because the notice of appeal was filed in the district court by an attorney not licensed to practice in the district court. Finding the notice of appeal to have been validly filed by a member of the bar of the Ninth Circuit, the Appellate Commissioner denied the motion to dismiss the appeal. Anunciation seeks reconsideration of that decision on the basis that the denial was issued before Anunciation had filed his reply brief, and without the benefit of the legal argument therein.
 
 
 6
 A corporation can be represented only by a licensed attorney. United States v. High Country Broadcasting Co., 3 F.3d 1244, 1245 (9th Cir.1993), cert. denied, 115 S.Ct. 93 (1994). Where the notice of appeal is signed by someone who is not an attorney, the court may allow the appeal to proceed as long as an attorney admitted to practice before the appellate court has filed an appearance. See K.M.A., Inc. v. General Motors Acceptance Corp., 652 F.2d 398, 399 (5th Cir. Unit B 1981); Goelz & Watts, Rutter Group Practice Guide: Federal Ninth Circuit Civil Appellate Practice, § 3:392 (1996).
 
 
 7
 Anunciation's motion to dismiss the appeal is denied.
 
 B. Jurisdiction in the District Court
 
 8
 West Capital challenges the district court's jurisdiction. West Capital contends that because no summons was served together with the amended complaint, the district court did not have personal jurisdiction over West Capital. When the underlying facts are not in dispute, we review the district court's exercise of personal jurisdiction de novo. Reebok Int'l Ltd. v. McLaughlin, 49 F.3d 1387, 1390 (9th Cir.), cert. denied, 116 S.Ct. 276 (1995).
 
 
 9
 Rule 5(a) of the Federal Rules of Civil Procedure requires that additional pleadings asserting new claims for relief shall be served on a party in default as provided by Rule 4.[1] A court need not have adjudicated a party as being "in default." Any party who has failed to appear is a party "in default for failure to appear" for the purposes of the rule. Fluor Eng'rs. and Constructors, Inc. v. Southern Pacific Transp. Co., 753 F.2d 444, 449 n. 7 (5th Cir.1985); Varnes v. Local 91, Glass Bottle Blowers Ass'n, 674 F.2d 1365, 1368 n. 3 (11th Cir.1982); 4A Wright & Miller, Federal Practice and Procedure: Civil 2d § 1146 (1987).
 
 
 10
 The method of service provided for in Rule 4 requires that a plaintiff serve a summons together with a copy of the complaint.[2] Thus, when a plaintiff seeks to serve an amended complaint that alleges new claims on a defendant who has not appeared, the combination of Rules 4 and 5 require a summons to be served together with a copy of the amended complaint. See Fluor Eng'rs. and Constructors, 753 F.2d at 449 n. 7.
 
 
 11
 Anunciation did not serve a summons with the copy of the amended complaint he served on West Capital. Service was therefore technically defective under Rules 4 & 5(a). Because West Capital never appeared in the action, it cannot be said to have waived its objections to deficient service.
 
 
 12
 We have held that service under Rule 4 is "a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 688 (9th Cir.1988), quoting United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir.1984). In order for the sufficient notice exception to apply, there must be a justifiable excuse for the defect. Daly-Murphy v. Winston, 837 F.2d 348, 355 n. 4 (9th Cir.1988). Further, unless there is "substantial compliance" with Rule 4, even actual notice will not provide personal jurisdiction. Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir.1982).
 
 
 13
 Although West Capital received actual notice of the charges against it, Anunciation has presented us with no excuse to justify his failure to serve a summons with the amended complaint. Moreover, while a technical defect in the form of a summons may still amount to substantial compliance with Rule 4, the failure to serve the defendant with a summons at all, cannot be considered "substantial compliance" with the rule.
 
 
 14
 Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served."
 
 
 15
 Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987) (quoting Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 444-45 (1946)). We hold that the district court did not have personal jurisdiction over West Capital for the purposes of Anunciation's amended complaint.
 
 
 16
 Anunciation argues that if the district court had no jurisdiction over the amended complaint, then the amended complaint could not have superseded the initial complaint. The initial complaint was therefore still viable and service of process with regard to the initial complaint is not contested. We agree.
 
 
 17
 It is well established that an amended complaint generally supersedes an original complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1546 (9th Cir.1990). The exact point of supersedure, however, occurs when the amended complaint is effectively served, not when it is filed. International Controls Corp. v. Vesco, 556 F.2d 665, 669 (2d Cir.1977), cert. denied, 434 U.S. 1014 (1978). To hold that an original complaint is superseded upon the filing of an amended complaint "would leave a case in a state of suspended animation in the interim between filing and service of the amended complaint, with the court perhaps even lacking personal jurisdiction over the defendant." Id. It would also discourage amended pleadings by introducing the risk that the defendant might not be easily served. Such discouragement is inconsistent with the liberal amendment policy in the Federal Rules of Civil Procedure. Id. The initial complaint in the present case remained viable because the amended complaint was never effectively served.
 
 
 18
 The parties agree that the amended complaint was virtually identical to the original complaint, except for adding a Count II for invasion of privacy. The district court purported to proceed pursuant to the amended complaint, but it ultimately awarded no damages on Count II. In these circumstances, the district court's awards with regard to Count I of the amended complaint may properly be considered awards on Count I of the initial complaint. The district court had personal jurisdiction over West Capital for the purposes of the initial complaint. We hold the judgment ultimately entered was a judgment on the initial complaint. To the extent the judgment purports to resolve Count II of the amended complaint, the district court did not have jurisdiction to do so, and we vacate that portion of the judgment.
 
 C. Amount Prayed for in the Complaint
 
 19
 West Capital contends that the only relief specifically alleged in Anunciation's prayer for relief was $1,000 in statutory damages. Because the district court awarded damages in excess of the $1,000 alleged, West Capital argues the district court erred.
 
 
 20
 Under Rule 54(c) of the Federal Rules of Civil Procedure, "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." The theory underlying this rule is that "once the defending party receives the original pleading he should be able to decide on the basis of the relief requested whether he wants to expend the time, effort, and money necessary to defend the action." 10 Wright, Miller & Kane, Federal Practice and Procedure, Civil 2d § 2663, p. 139 (1983).
 
 
 21
 General allegations of damages in a prayer for relief are sufficient to support a default judgment under Rule 54(c), as long as the defendant is given reasonable notice thereby of the potential amount at stake. In Henry v. Sneiders, 490 F.2d 315 (9th Cir.), cert. denied, 419 U.S. 832 (1974), the plaintiff's prayer for relief requested damages of $71,243.68 for plaintiff's direct loss from the fraud, "and for Plaintiff's other damages as are proved at the time of trial, together with interest and costs." Id. at 317 n. 2. Following default, the district court awarded judgment in the amount of $235,338.89. We held that "the prayer was not limited to $71,243.68, and the default judgment did not exceed the amount prayed for." Id. at 317.
 
 
 22
 Anunciation's initial complaint alleged that as a result of West Capital's illegal debt collection practices, he had "suffered actual damages and injury, including, but not limited to, stress, humiliation, mental anguish and suffering, and emotional distress, for which he should be compensated in an amount to be proven at trial." In his prayer for relief Anunciation requested the court:
 
 
 23
 1. Award him actual damages.
 
 
 24
 2. Award him punitive damages.
 
 
 25
 3. Award him statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k.
 
 
 26
 4. Award him reasonable attorney fees.
 
 
 27
 5. Award him costs.
 
 
 28
 6. Grant such other and further relief as it deems just and proper.[3]
 
 
 29
 After the hearing on damages, the district court awarded $9,500 in actual damages, $1,000 in statutory damages, and $5,289 for costs and attorney's fees. We hold the damages awarded did not exceed the amount prayed for in the complaint. See Sneiders, 490 F.2d at 317.
 
 CONCLUSION
 
 30
 We affirm the judgment of the district court on Anunciation's claim under the Fair Debt Collection Practices Act. To the extent the judgment resolves the invasion of privacy claim, that portion of the judgment is vacated for lack of personal jurisdiction. Anunciation's request for attorney fees on appeal is remanded to the district court for determination of the amount of fees recoverable under 15 U.S.C. § 1692k(a)(3) (1994).
 
 
 31
 AFFIRMED and REMANDED to the district court for purposes of determining the amount of attorney fees on appeal.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Helen Gillmor, District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Federal Rule of Civil Procedure 5(a) provides in part:
 No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4.
 
 
 [2]
 "A summons shall be served together with a copy of the complaint." Fed.R.Civ.P. 4(c)(1)
 
 
 [3]
 The amended complaint contained identical provisions