**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re: BEACHPORT ENTERTAINMENT,
*Debtor,*

HOWARD M. EHRENBERG, Chapter 7
Trustee,
*Appellant,*

v.

CALIFORNIA STATE UNIVERSITY,
FULLERTON FOUNDATION, a Non-
Profit corporation,
*Appellee.*

No. 03-55251

BAP No.
CC-02-01268-KBaP

OPINION

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Perris, Klein, and Baum, Bankruptcy Judges, Presiding

Argued and Submitted
November 2, 2004—Pasadena, California

Filed February 3, 2005

Before: A. Wallace Tashima, Raymond C. Fisher, and
Richard C. Tallman, Circuit Judges.

Opinion by Judge Tashima

## COUNSEL

Rebekah L. Parker, Los Angeles, California, for the appellant.

Paul L. Gale, Stradling Yocca Carlson & Rauth, Newport Beach, California, for the appellee.

## OPINION

TASHIMA, Circuit Judge:

Howard Ehrenberg, the Chapter 7 trustee ("Trustee"), appeals a decision of the Bankruptcy Appellate Panel ("BAP"), dismissing his appeal from an order of the bankruptcy court granting summary judgment in favor of the California State University, Fullerton Foundation ("Foundation"). The Trustee had brought an adversary proceeding in the bankruptcy court seeking to avoid an allegedly fraudulent transfer made by debtor Beachport Entertainment ("Debtor") to the Foundation. The BAP dismissed the Trustee's appeal for failure to provide the BAP with the judgment or the order being appealed, the complaint, and the answer, in violation of Federal Rule of Bankruptcy Procedure 8009. Our jurisdiction is pursuant to 28 U.S.C. § 158(d). While we appreciate the BAP's frustration with counsel's failure to follow the procedural rules, we conclude, based on the record before us, that dismissal was an inappropriately harsh sanction. Accordingly,

we reverse and remand for the BAP to consider alternate sanctions.

## BACKGROUND

The Foundation was established to provide administrative and support services for contracts entered into between California State University, Fullerton ("University"), and third parties.[1] In January 1998, the University entered into a contract with Debtor, granting Debtor the right to conduct events in the University Sports Complex. In exchange, Debtor was to place $1,000,000 in an escrow account, to be used by the University to make improvements to the Sports Complex.

When the University received the first payment of $500,000 from Debtor, it delivered the funds to the Foundation, which, in turn, began making plans to begin the improvements. Debtor made the second payment of $500,000 directly to the Foundation, apparently in March 1998. The second payment is the one at issue in this case.

Debtor filed a petition under Chapter 7 of the Bankruptcy Code in August 1999. In August 2001, the Trustee initiated an adversary proceeding against the Foundation in bankruptcy court, seeking to avoid the second $500,000 payment as a fraudulent transfer. The Foundation filed a motion for summary judgment, contending that the suit was barred by the Eleventh Amendment because the Foundation is an instrumentality of the State of California. The Foundation further contended that the Trustee's avoidance action was time-barred pursuant to 11 U.S.C. § 548, and that the transfer was not a fraudulent transfer for purposes of the Bankruptcy Code and California law. The bankruptcy court granted the Foundation's motion without explanation.

---

[1]The Trustee acknowledged in his opposition to the motion for summary judgment that the facts are not in dispute.

The Trustee appealed the order to the BAP. The Trustee's notice of appeal was filed on May 20, 2002. Federal Rule of Bankruptcy Procedure 8006 required the Trustee, as the appellant, to file his designation of record and statement of issues within 10 days of filing the notice of appeal. He did not do so. On June 5, 2002, the Clerk of the BAP sent the Trustee a notice of deficient appeal and impending dismissal, stating that the appeal was subject to dismissal for failure to prosecute because of the Trustee's failure to file the designation of record, statement of issues, transcript order notice, and transcripts. The notice further stated that the appeal would be dismissed unless the Trustee "provide[d] an adequate legal explanation as to why the appeal should not be dismissed" within 14 days.

On July 10, 2002, the Foundation moved to dismiss the appeal for failure to prosecute, pursuant to Bankruptcy Rules 8001 and 8006.[2] The Foundation argued that the Trustee did not file his designation of record and statement of issues until June 26, 2002, a week after the deadline set by the court, and that the Trustee had failed to serve the documents on the Foundation.

The BAP denied the motion to dismiss on July 30, 2002, stating that the Trustee had filed the designation of the record and the statement of issues and that the record was now complete. It reasoned that the Foundation had not been prejudiced by the Trustee's delay in completing the record on appeal.

Oral argument before the BAP was held on November 20, 2002. Both parties argued the merits of the case, and there was no indication that the BAP was unfamiliar with any aspects of the case. Following oral argument, the BAP issued a decision in which it noted that neither the Trustee nor the Foundation included in its excerpts of record on appeal a copy

---

[2]Rule 8001 permits the dismissal of an appeal if the appellant fails to take any step other than filing a notice of appeal.

of the order appealed from, although both parties stated that the Foundation's motion had been granted. The BAP thus framed the issue as whether the appeal should be dismissed for failure to comply with Federal Rule of Bankruptcy Procedure 8009(b), which delineates the documents that must be included in the excerpts of record on appeal to the BAP.[3] Because the Trustee's excerpts of record failed to include the judgment or order appealed from, the complaint, and the answer, in violation of Rule 8009(b), the BAP dismissed the appeal, stating that, "[w]ith this sorry record, we are unable to conduct a meaningful review." It further noted that it had "conscientiously reviewed the snippets of the record that have been provided and [did] not have the sense that our action in dismissing the appeal constitutes a miscarriage of justice." The Trustee filed a timely notice of appeal.

## STANDARD OF REVIEW

Generally, "[d]ecisions of the BAP generally are reviewed de novo." *Carrillo v. Su (In re Su)*, 290 F.3d 1140, 1142 (9th Cir. 2002). However, "the BAP's imposition of sanctions for non-compliance with non-jurisdictional procedural requirements" is reviewed for an abuse of discretion. *Morrissey v. Stuteville (In re Morrissey)*, 349 F.3d 1187, 1190 (9th Cir. 2003); *see also Nat'l Bank of Long Beach v. Donovan (In re Donovan)*, 871 F.2d 807, 808 (9th Cir. 1989) (per curiam) (reviewing for an abuse of discretion the BAP's dismissal of

---

[3]Documents that must be included in the excerpts of record are: "(1) The complaint and answer or other equivalent pleadings; (2) Any pretrial order; (3) The judgment, order, or decree from which the appeal is taken; (4) Any other orders relevant to the appeal; (5) The opinion, findings of fact, or conclusions of law filed or delivered orally by the court and citations of the opinion if published; (6) Any motion and response on which the court rendered decision; (7) The notice of appeal; (8) The relevant entries in the bankruptcy docket; and (9) The transcript or portion thereof, if so required by a rule of the [BAP]." Fed. R. Bankr. P. 8009(b). The rule itself does not explicitly provide for any sanction for failure to comply with its requirements.

an appeal for failure to comply with a bankruptcy rule). "Where, under that standard, summary affirmance is an appropriate sanction by the BAP, we do not reach the merits of the bankruptcy court's ruling." *In re Morrissey*, 349 F.3d at 1190.

## DISCUSSION

**[1]** In determining whether to dismiss summarily an appeal for non-compliance with a procedural rule, the BAP must consider the impact of the sanction, alternative sanctions, and "the relative culpability of the appellant and his attorney, because dismissal may inappropriately punish the appellant for the neglect of his counsel." *In re Donovan*, 871 F.2d at 808; *see also In re Morrissey*, 349 F.3d at 1190 (stating that " 'the selection of the sanction to be imposed must take into consideration the impact of the sanction and the alternatives available to achieve assessment of the penalties in conformity with fault' ") (quoting *Myers v. Shekter (In re Hill)*, 775 F.2d 1385, 1387 (9th Cir. 1985) (per curiam)). Although summary dismissal is within the BAP's discretion, it "should first consider whether informed review is possible in light of what record has been provided." *Kyle v. Dye (In re Kyle)*, 317 B.R. 390, 393 (B.A.P. 9th Cir. 2004).

**[2]** The failure to take into consideration "the impact of the sanction and the alternatives available to achieve assessment of the penalties in conformity with fault" constitutes an abuse of discretion. *In re Hill*, 775 F.2d at 1387. Where the procedural violations have been egregious, however, we have not required an explicit discussion of alternative sanctions. *See Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1454-55 (9th Cir. 1994) (stating that "[w]e have 'never held that explicit discussion of alternatives is *necessary* for an order of dismissal to be upheld' ") (quoting *Malone v. United States Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987)); *Fitzsimmons v. Nolden (In re Fitzsimmons)*, 920 F.2d 1468, 1472 (9th Cir. 1990) (stating that, "in egregious circumstances such as these,

not even consideration of alternative sanctions is necessary before dismissal").

In *In re Morrissey*, for example, the appellant's brief to the BAP "egregiously violated the requirements of Fed. R. Bankr. P. 8010" by failing to include, *inter alia*, a statement of appellate jurisdiction, an intelligible statement of the issues presented, a statement of the case, and "citations to the authorities, statutes, and parts of the record relied upon." *In re Morrissey*, 349 F.3d at 1189 (internal quotation marks omitted). The excerpts of record similarly violated Ninth Circuit BAP Rule 8006-1 by failing to include a transcript crucial to the appellant's claim, making it impossible for the BAP to review "the multiple questions of fact" that the appellant raised. *Id.* The BAP detailed the numerous failures and summarily affirmed the bankruptcy court in a seven-page memorandum disposition, noting that it was not the court's duty to " 'develop debtor's arguments for him, find the legal authority to support those arguments, or guess at what part of the record may be relevant.' " *Id.* (internal quotation omitted). We affirmed the BAP. *Id.* at 1191. Although the BAP "did not explicitly mention the possibility of alternative sanctions, the inadequacy of the record and the briefing afforded the BAP little choice but to affirm summarily, as the memorandum made clear." *Id.* at 1190-91.

**[3]** Here, however, the BAP appeared to be missing only the Foundation's answer to the complaint and the bankruptcy court order.[4] The Trustee and the Foundation included in their excerpts of record all of the declarations included in the record on appeal to this court and also included the memoranda in support of the motion for summary judgment and the Foundation's statement of uncontroverted facts. Thus, unlike *In re Morrissey*, in which "the inadequacy of the record and

---

[4]The bankruptcy court order (which in fact gave no explanation for the ruling) was actually filed with the BAP as a part of the Trustee's notice of appeal, as well as with the Foundation's motion to dismiss the appeal.

the briefing afforded the BAP little choice but to affirm summarily," the record before the BAP appears to include everything needed in order to address the merits of the appeal. *Id.* at 1191.

**[4]** Although we sympathize with the BAP's frustration and we recognize the necessity of complying with procedural rules, in this instance, the sanction of summary dismissal was inappropriately harsh in relation to the harm that was actually caused. The failure to comply with procedural rules places an added burden on the court and on opposing counsel. In no way do we condone the conduct of the Trustee's counsel. Nonetheless, the record before us does not persuade us that dismissal was warranted. The transcript of oral argument before the BAP indicates that the BAP was concerned only with the merits of the case. There is no indication that the BAP was unfamiliar with the facts of the case or the legal issues involved. After oral argument on the merits, the BAP submitted the appeal for decision. Moreover, the BAP gave no prior indication that it considered the record to be deficient, and the Trustee was given no opportunity to argue why dismissal was too harsh a sanction. When the BAP had earlier denied the Foundation's motion to dismiss the appeal for failure to prosecute, the court stated that the record was complete and that the Foundation had not been prejudiced by the Trustee's delay in completing the record.

**[5]** Summary dismissal in this situation does not further the goal of "the swift and efficient resolution of disputes pertaining to the distribution of the bankruptcy estate." *Zer-Ilan v. Frankford (In re CPDC Inc.)*, 221 F.3d 693, 700 (5th Cir. 2000). We therefore conclude that the BAP's summary dismissal of the appeal without considering alternative sanctions constitutes an abuse of discretion, and we remand for reconsideration "in the light of possible effective sanctions alternative to dismissal." *In re Hill*, 775 F.2d at 1387; *see also In re Donovan*, 871 F.2d at 809 (vacating and remanding "for con-

sideration of alternative sanctions and relative fault"). Each party shall bear his or its own costs on appeal.

**REVERSED and REMANDED.**