MEMORANDUM **
Thelma Spirtos (“Thelma”) appeals a Bankruptcy Appellate Panel (“BAP”) decision affirming a settlement agreement between the trustee of Basil Spirtos’s (“Basil’s”) bankruptcy estate and one of the estate’s creditors. She also appeals the BAP’s orders imposing $22,500 in sanctions for a frivolous appeal and a frivolous petition for rehearing. We affirm the decision and the sanctions orders.
Thelma lacks standing to object to the settlement agreement. Thelma proffered her claim against Basil’s bankruptcy estate in support of her failed Chapter 11 plan, and the claim subsequently became property of her Chapter 7 bankruptcy estate. Therefore, the trustee of Thelma’s bankruptcy estate possesses the exclusive right to object to the settlement agreement on behalf of the estate, and he filed a notice of non-opposition. See 11 U.S.C. § 323; Moneymaker v. CoBen (In re Eisen), 31 F.3d 1447, 1451 n. 2 (9th Cir.1994); see also Estate of Spirtos v. One San Bernar-dino County Superior Court Case Numbered SPR 02211, 443 F.3d 1172, 1175-76 (9th Cir.2006).
Thelma argues that part of her claim against Basil’s bankruptcy estate, the child support arrearages, did not become part of her bankruptcy estate. Thelma is judicially estopped from raising this argument *542 because it is inconsistent with Thelma’s prior proffer of her entire claim against Basil’s estate to support her failed Chapter 11 plan, a proffer that was accepted by the bankruptcy court. See Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782-85 (9th Cir.2001). Moreover, the issue whether Thelma is estopped from asserting ownership in any part of her claim against Basil’s bankruptcy estate has already been litigated and decided. See Spirtos v. Moreno (In re Thelma Spirtos), No. 02-1243 (B.A.P. 9th Cir. Mar. 28, 2003) (unpublished memorandum disposition).[1] Thelma is precluded from re-litigating it. See, e.g., Kourtis v. Cameron, 419 F.3d 989, 994 (9th Cir.2005) (listing requirements of issue preclusion under federal law); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir.1992) (same).
Because Thelma lacked standing to object to the settlement agreement, we do not reach the BAP’s alternative basis for affirming the settlement.
The BAP did not abuse its discretion in imposing $22,500 in sanctions on Thelma and her attorneys Michelle Spirtos and Jon Eardley for Thelma’s frivolous appeal and frivolous petition for rehearing. Fed. R. Bankr.P. 8020. Both the appeal and the PFR were “wholly without merit.” Taylor v. Sentry Life Ins. Co., 729 F.2d 652, 656 (9th Cir.1984) (applying Fed. R.App. P. 38); see also Fed. R. Bankr.P. 8020 advisory committee’s notes. Thelma lacked standing to litigate any of her claims, and Thelma’s petition for rehearing failed to address the BAP’s substantive basis for affirming the settlement agreement. Thelma’s discussion of Ehrenberg v. California State University (In re Beachport Entertainment), 396 F.3d 1083, 1087 (9th Cir.2005), which addressed the imposition of sanctions under Rule 8010, is inapplicable to the sanctions in this case, which were imposed under Rule 8020.[2]
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. This disposition, included as exhibit 1 of appellees’ request for judicial notice, is directly related to the issues of issue preclusion and judicial estoppel. Accordingly, we grant the request for judicial notice with respect to this exhibit. See Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n. 2 (9th Cir.2002); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir.1992). We deny the remainder of appellees’ request for judicial notice and ap-pedants' request for judicial notice because neither contains materials necessary for our disposition.

. Appellees’ motion for further sanctions under Federal Rule of Appellate Procedure 38 is denied.