tration, Office of the General Counsel, San Francisco, CA, for Defendants–Appellees.

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Constance V. Melkonian appeals pro se from the district court's judgment in her action challenging the Social Security Commissioner's decision to terminate her supplemental security income ("SSI") benefits. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Lewis v. Astrue,* 498 F.3d 909, 911 (9th Cir. 2007) (order upholding the Commissioner's denial of benefits); *Knievel v. ESPN,* 393 F.3d 1068, 1072 (9th Cir.2005) (dismissal for failure to state a claim); *Kildare v. Saenz,* 325 F.3d 1078, 1082 (9th Cir.2003) (dismissal for lack of subject matter jurisdiction). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP,* 534 F.3d 1116, 1121 (9th Cir.2008). We affirm.

The district court properly determined that substantial evidence supported the Commissioner's decision that Melkonian was no longer eligible for SSI benefits under child or adult disability standards because her conditions had medically improved and did not prevent her from working. *See Warre v. Comm'r of Soc. Sec. Admin.,* 439 F.3d 1001, 1006 (9th Cir.2006) (affirming decision to terminate child's SSI benefits because substantial evidence supported that child was no longer "disabled"

due to medical improvement); *Matthews v. Shalala,* 10 F.3d 678, 680 (9th Cir.1993) (claimant's ability to attend school supported that his impairments did not prevent him from performing all work).

The district court properly dismissed Melkonian's remaining claims for lack of subject matter jurisdiction and failure to state a claim. *See Kildare,* 325 F.3d at 1084 (mandamus relief is "extraordinary remedy" available only under limited circumstances); *Hooker v. U.S. Dep't of Health & Human Servs.,* 858 F.2d 525, 530 (9th Cir.1988) (Social Security Act bars both Federal Tort Claims Act and *Bivens* claims for alleged unconstitutional conduct resulting in termination of benefits).

Melkonian's remaining contentions are unpersuasive.

We deny the Commissioner's motion to strike and Melkonian's request for sanctions.

**AFFIRMED.**

### In the Matter of: MORRY WAKSBERG, M.D., INC., Debtor—In Re,

---

v.

Levene, Neale, Bender, Rankin
& Brill L.L.P., Appellees.

No. 09–56405.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 15, 2011.*

Filed March 4, 2011.

Mitchell Keiter, Esquire, Irvine, CA, for Debtor–Appellant.

Todd M. Arnold, Esquire, Levene, Neale, Bender, Yoo & Brill L.L.P., Los Angeles, CA, for Appellees.

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

MEMORANDUM **

Morry Waksberg, M.D., Inc. ("the corporation") appeals from the district court's order dismissing its appeal from the bankruptcy court's order granting Levene, Neale, Bender, Rankin & Brill L.L.P.'s application for compensation in underlying Chapter 7 proceedings. We have jurisdiction under 28 U.S.C. § 158(d). We review

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and except as provided by Ninth Circuit Rule 36–3.

for an abuse of discretion. *Nat'l Bank of Long Beach v. Donovan (In re Donovan)*, 871 F.2d 807, 808 (9th Cir.1989) (per curiam). We vacate and remand.

 The district court dismissed the appeal partly because of the corporation's apparent noncompliance with Bankruptcy Rule 8006. The corporation's principal, Morry Waksberg, had filed one of the requisite documents in his related, individual bankruptcy appeal—proceeding before the same district court and involving the same opposing party—under the mistaken assumption that it was redundant to file the same document in both cases. However, the district court gave no warning before dismissal that the corporation was procedurally delinquent. Under these circumstances, it was an abuse of discretion to dismiss the action based on procedural noncompliance. *See Ehrenberg v. Cal. State Univ. (In re Beachport Entm't)*, 396 F.3d 1083, 1087 (9th Cir.2005) (before dismissal, the court should consider whether informed review is possible in light of the record that has been provided); *Myers v. Shekter (In re Hill)*, 775 F.2d 1385, 1387 (9th Cir.1985) (per curiam) ("[W]hen any court is considering the imposition of sanctions for non-jurisdictional, procedural defaults and deficiencies in the management of litigation, the selection of the sanction to be imposed must take into consideration the impact of the sanction and the alternatives available to achieve assessment of the penalties in conformity with fault.").

The district court also relied in part on the determination that the corporation was not represented by counsel. However, with the consent of the district court, counsel appeared for the corporation over a month before the dismissal. *Cf. United States v. High Country Broadcasting Co.*, 3 F.3d 1244, 1245 (9th Cir.1993) (per curiam) (affirming dismissal of action where the corporation failed to retain licensed counsel after the district court ordered it to do so).

 Finally, the district court based its dismissal in part on the corporation's suspended status under California law. However, the corporation revived its good standing while the appeal was still before the district court. Accordingly, it was an abuse of discretion to bar the corporation from litigating the merits of its appeal because of its previously-suspended status. *See Gough v. Titus (In re Christian & Porter Aluminum Co.)*, 584 F.2d 326, 331 (9th Cir.1978) (the law under which a corporation is organized determines its capacity to litigate in federal court); *Peacock Hill Ass'n v. Peacock Lagoon Constr. Co.*, 8 Cal.3d 369, 105 Cal.Rptr. 29, 503 P.2d 285, 287 (1972) (under California law, the revival of corporate powers either pre- or post-judgment has the effect of validating the corporation's earlier acts and permitting it to proceed with the action).

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**