FILED

NOT FOR PUBLICATION

MAR 04 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: MORRY WAKSBERG, M.D., INC., <br><br> Debtor - In Re, <br><br>――――――――――――――― <br><br> MORRY WAKSBERG, M.D., INC., <br><br> Debtor - Appellant, <br><br> v. <br><br> LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P., <br><br> Appellees. | No. 09-56405 <br><br> D.C. No. 2:08-cv-07399-MMM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

――――――――――――

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Morry Waksberg, M.D., Inc. ("the corporation") appeals from the district court's order dismissing its appeal from the bankruptcy court's order granting Levene, Neale, Bender, Rankin & Brill L.L.P.'s application for compensation in underlying Chapter 7 proceedings. We have jurisdiction under 28 U.S.C. § 158(d). We review for an abuse of discretion. *Nat'l Bank of Long Beach v. Donovan (In re Donovan)*, 871 F.2d 807, 808 (9th Cir. 1989) (per curiam). We vacate and remand.

The district court dismissed the appeal partly because of the corporation's apparent noncompliance with Bankruptcy Rule 8006. The corporation's principal, Morry Waksberg, had filed one of the requisite documents in his related, individual bankruptcy appeal—proceeding before the same district court and involving the same opposing party—under the mistaken assumption that it was redundant to file the same document in both cases. However, the district court gave no warning before dismissal that the corporation was procedurally delinquent. Under these circumstances, it was an abuse of discretion to dismiss the action based on procedural noncompliance. *See Ehrenberg v. Cal. State Univ. (In re Beachport Entm't)*, 396 F.3d 1083, 1087 (9th Cir. 2005) (before dismissal, the court should consider whether informed review is possible in light of the record that has been provided); *Myers v. Shekter (In re Hill)*, 775 F.2d 1385, 1387 (9th Cir. 1985) (per curiam) ("[W]hen any court is considering the imposition of sanctions for

2                                                                          09-56405

non-jurisdictional, procedural defaults and deficiencies in the management of litigation, the selection of the sanction to be imposed must take into consideration the impact of the sanction and the alternatives available to achieve assessment of the penalties in conformity with fault.").

The district court also relied in part on the determination that the corporation was not represented by counsel. However, with the consent of the district court, counsel appeared for the corporation over a month before the dismissal. *Cf. United States v. High Country Broadcasting Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (affirming dismissal of action where the corporation failed to retain licensed counsel after the district court ordered it to do so).

Finally, the district court based its dismissal in part on the corporation's suspended status under California law. However, the corporation revived its good standing while the appeal was still before the district court. Accordingly, it was an abuse of discretion to bar the corporation from litigating the merits of its appeal because of its previously-suspended status. *See Gough v. Titus (In re Christian & Porter Aluminum Co.)*, 584 F.2d 326, 331 (9th Cir. 1978) (the law under which a corporation is organized determines its capacity to litigate in federal court); *Peacock Hill Ass'n v. Peacock Lagoon Constr. Co.*, 503 P.2d 285, 287 (Cal. 1972) (under California law, the revival of corporate powers either pre- or post-judgment

has the effect of validating the corporation's earlier acts and permitting it to proceed with the action).

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**